**Yong Fu SHAO, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, through Alberto Gonzales,[1] United States Attorney General, Respondent.**

No. 04–2363–AG.

United States Court of Appeals, Second Circuit.

March 23, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Ramesh K. Shrestha, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Amber M. Craig, Assistant United States Attorney, Las Vegas, NV, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Yong Fu Shao, a citizen of China, through counsel, petitions for review of an order of the BIA, entered on April 13, 2004, affirming a October 10, 2002 decision of an immigration judge ("IJ"). The IJ rejected Shao's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

In the present case, the IJ's decision to deny relief from removal based on Shao's failure credibly to demonstrate persecution is supported by substantial evidence. Shao's persecution claim is derived, in large part, from circumstances relating to the alleged forcible abortion of his sister-in-law. Discrepancies in the testimonial and documentary evidence, particularly with respect to his and his sister-in-law's addresses at the time of the forced abortion, rendered his persecution claim suspect. Further, as the IJ noted, Shao's efforts to explain these inconsistencies were themselves suspect insofar as they would suggest that his sister-in-law continues to use as her return address a residential location that purportedly no longer exists. Where an IJ's rejection of an ap-

plicant's explanation of an inconsistency is supported by substantial evidence, as here, we will have little difficulty affirming the IJ's decision. *See Ming Shi Xue v. Board of Immigration Appeals*, 439 F.3d 111 (2d Cir.2006); *Cao He Lin v. United States DOJ*, 428 F.3d 391, 394 (2d Cir.2005).

The IJ's decision also was supported by Shao's failure to submit his sister-in-law's abortion certificate. Instead, Shao submitted to the BIA a certificate reporting her sterilization. However, Shao never claimed that his sister-in-law had undergone sterilization. Thus, this piece of evidence, rather than supporting his persecution claim, casts further doubt on the credibility of his account.

We need not here review whether each evidentiary concern raised by the IJ with respect to Shao's credibility is independently supported by substantial evidence. We are satisfied that there are sufficient inconsistencies and implausibilities going to "the heart of the asylum claim," *Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003), to support the IJ's adverse credibility finding. Thus, because Shao failed to submit credible evidence to support his claim, we conclude that the IJ's decision was supported by substantial evidence.

The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).